IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL WEBB,

    Petitioner,                      No. CIV S-06-1059 JAM DAD P

    vs.

SISTO, Warden,

    Respondent.                  <u>FINDINGS AND RECOMMENDATIONS</u>

/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee.

**PRELIMINARY SCREENING**

        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Rule 4, Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

## BACKGROUND

On May 15, 2006, petitioner commenced this action by filing a petition for writ of habeas corpus. According to the petition, on January 25, 1991, petitioner was convicted in the Los Angeles County Superior Court of first-degree murder, robbery, attempted robbery, and assault with a deadly weapon. As a result, petitioner was sentenced to twenty-five years to life in state prison. On December 23, 1992, the California Court of Appeal for the Second Appellate District affirmed petitioner's conviction. Petitioner did not pursue a petition for review, but nearly ten years later, he filed several state habeas petitions seeking to collaterally attack this conviction. On January 19, 2005, the California Supreme Court summarily denied his final state habeas petition. (Pet. at 2-4 & Attach.)

Petitioner asserts two claims for relief in his federal petition. In his first claim, petitioner requests a review and modification of his sentence "[d]ue to present rehabilitation and participation with peers, supervisor and instructor." Petitioner alleges that, after taking a victim-impact class he has taken full responsibility for his actions and learned that the crime he committed affected both the victim's family as well as his family. He further alleges that he has since started working for Inmate Day Labor and is helping build an administrative segregation housing unit for Corcoran State Prison. In his second claim, petitioner merely asserts that he has a "liberty interest right" to know the approximate date that his sentence will end. (Pet. at 5 & Attach.)

## ANALYSIS

The instant petition should be dismissed. Petitioner has attached to his petition filed with this court a copy of an order issued by the United States District Court for the Central District of California in Case No. CV 06-2002 R (FMO). In that order, the district court summarily dismissed petitioner's application for writ of habeas corpus filed in the Central District. In that previously-filed petition, petitioner's sole claim was identical to his first claim in the petition presented in this habeas action. Specifically, in his habeas proceeding in the Central

District petitioner "request[ed] review and modification of [his] sentence due to present rehabilitation and participation with peers, supervisor and instructor." The district court determined in that case that petitioner had failed to state a cognizable claim for federal habeas relief. The court explained that petitioner did not appear to be challenging the legality of his conviction. Nor did he claim to be in custody in violation of the Constitution or laws or treatises of the United States or as a result of an adjudication that was contrary to, or involved an unreasonable application of, clearly established federal law. The court noted that petitioner merely asserted that he was a changed person and explained that petitioner's claim seeking a modification of his state court sentence based on his changed status did not concern the constitutionality of the proceedings that led to his present incarceration. Accordingly, the U.S. District Court for the Central District of California concluded that petitioner had not met the jurisdictional prerequisite for a § 2254 petition and dismissed the case. (Pet. Attach. (Order Filed Apr. 7, 2006).)

The undersigned agrees with the Central District's rationale and finds that petitioner's first claim fails to state a cognizable claim for federal habeas relief. The undersigned also finds that petitioner's second claim fails to state a claim for federal habeas relief. In his second claim, petitioner merely asserts that "Petitioner has a liberty interest right to know at what point does his term end." As with his first claim, petitioner's second claim does not challenge the legality of his conviction, a parole proceeding, or other adjudication that has led to his current incarceration. Nor does petitioner's second claim allege that he is in custody in violation of the Constitution or laws or treatises of the United States or as a result of an adjudication that was contrary to, or involved an unreasonable application of, clearly established federal law.

/////
/////
/////
/////

Accordingly, the court concludes that petitioner has failed to meet the jurisdictional prerequisite for a § 2254 claim in the petition presented to this court as well.[1]

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for writ of habeas corpus be dismissed; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 6, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
webb1059.156

---

[1] Moreover, petitioner acknowledges that he has not presented this claim to the California Supreme Court or any other state or federal court. According to petitioner, his second claim is newly discovered. (Pet. at 6.) However, the exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986). Here, petitioner has not alleged that state court remedies are no longer available to him. Accordingly, even if petitioner's second claim were somehow cognizable, it is unexhausted and should be dismissed.